## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KHALFINI RICHARDSON | Criminal Action No. 17-32 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on correspondence submitted by Defendant Khalfini Richardson ("Defendant"). (ECF No. 129.) In his correspondence, Defendant seeks to file a "Responsive Pleading" under 18 U.S.C. § 3662(d), through which he challenges his career offender status.[1] Although Defendant suggests that he is not seeking to "challenge [his] conviction nor his sentence," he specifically raises arguments in his correspondence that his conviction records are improper because he received a career offender enhancement based on conspiracy convictions, that the enhancement violates principles stated in recent Third Circuit caselaw, and that he "must be '[r]esentenced' immediately." (*Id.* at 1-2.) The Court thus interprets Defendant's correspondence as a challenge to his sentence.

Generally, a federal prisoner seeking to challenge his conviction or sentence must file a motion under 28 U.S.C. § 2255 with the sentencing court. *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)); *see also West v. Subervi*, 653 F. App'x 114, 115 (3d Cir. 2016) ("A motion to vacate sentence pursuant to § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence." (citing *Okereke*, 307 F.3d at 120)). Notably, Defendant

---

[1] The Court notes that 18 U.S.C. § 3662(d) does not appear to provide a private cause of action or a procedural vehicle to correct criminal records.

currently has a § 2255 motion pending before the Court in which he challenges his conviction on the ground of ineffective assistance of counsel. *See* Mot. to Vacate, *Richardson v. United States*, No. 20-10045 (D.N.J. Aug. 5, 2020), ECF No. 1. Specifically, in that § 2255 application, Defendant alleges that his trial counsel failed to "file a direct appeal challenging the sentence and enhancements [he received]." (*Id.* at 3.) Defendant's recent correspondence likewise challenges his sentence and career offender enhancement. (*See generally* ECF No. 129.)

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, typically bars a second or successive § 2255 motion, courts can construe these successive motions as motions to amend if the petitioner's § 2255 application is still pending. "A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—*i.e.*, before the petitioner has lost on the merits and exhausted [his] appellate remedies." *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (citations omitted); *see also United States v. Santarelli*, 929 F.3d 95, 105 (3d Cir. 2019). As drafted, the Court cannot ascertain whether Defendant is seeking to amend his prior § 2255 motion or take some other action. The Court, therefore, seeks clarity from Defendant as to how it should characterize his recent correspondence.[2]

IT IS, on this 30th day of November 2021, **ORDERED** as follows:

1. Defendant shall, within forty-five (45) days of entry of this Order, advise the Court as to whether his correspondence (ECF No. 129) should be construed as a motion to amend his § 2255 application.

---

[2] Defendant subsequently submitted additional correspondence stating that, in light of the Government's failure to "issue[] a genuine material dispute as to the factual assertions" in his case, "summary judgment" was mandated. (ECF No. 133.) Because Defendant's correspondence still fails to identify any procedural vehicle under which he may move for relief from his sentence, a request for "summary judgment" is without merit.

2

2. The Clerk shall docket this order in both Case Numbers 17-cr-32 and 20-cv-10045.

                                                                                  **MICHAEL A. SHIPP**
                                                                                  **UNITED STATES DISTRICT JUDGE**